## SUNTHIMER *v.* BALTIMORE TRANSIT COMPANY

[No. 231, September Term, 1957.]

*Decided May 20, 1958.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Harry S. Shapiro,* for appellant.

*Patrick A. O'Doherty*, with whom was *John E. Boerner* on the brief, for appellee.

PER CURIAM.

The sole question involved in this case is the sufficiency of the evidence offered by the plaintiff concerning the alleged negligence of the defendant to require that the case be submitted to the jury. The trial court thought not, and granted a directed verdict in favor of the defendant. We agree.

The appellant testified that she boarded a bus of the defendant with the money for her fare in her hand. She dropped the money in the box and "started to make the turn." The bus then started forward "very sudden, too unusual for a car [sic] to start, and it dropped me off my feet to the floor." She was still "right close" to the driver's seat when she fell; she tried to catch hold of the rod in the front, but fell with her body in a twist. On cross-examination she stated that the bus started "very fast, very sudden." While there were several passengers on the bus, there was no evidence that any other passenger was affected by, or noticed, the alleged unusual motion of the bus, the appellant being the only witness with reference to the claimed negligence of the bus driver.

We think the appellant raises no novel question and all of her contentions are answered by these decisions of this Court: *Smith v. Baltimore Transit Co.,* 211 Md. 529; *Jones v. Baltimore Transit Co.,* 211 Md. 423; *Baltimore Transit Co. v. Sun Cab Co.,* 210 Md. 555; *Kaufman v. Baltimore Transit Co.,* 197 Md. 141; *Przyborowski v. Baltimore Transit Co.,* 191 Md. 63; *Baltimore & Yorktown Turnpike Road v. Cason,* 72 Md. 377; *Callis v. United Rys. & Elec. Co.,* 128 Md. 406.

*Judgment affirmed, with costs.*